IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

ALTON CROMARTIE #514655 :
1990 Harmon Avenue
Columbus, Ohio 43223 :

      Plaintiff, :

OHIO DEPARTMENT OF REHABILITATION     Case No.
AND CORRECTION
4545 Fisher Road :     28 U.S.C. 1983
Columbus, OH 43228;
  Jenny Hildebrand, Warden, in her official capacity,
  Lashaunda Mason, Major, in her official capacity,
  Jill Glispie, Assistant, in her official capacity,
  Ingrid Jones, UM Chief, in her official capacity,
  Leah Bobb-itt, UM, in her official capacity,
                                         :

      Defendants.
                                         :

## COMPLAINT

1.    Plaintiff, Alton Cromartie, alleges that at all times mentioned herein he was an individual incarcerated in the Franklin Medical Center, in Columbus, Ohio, subject to the control and custody of the Defendant, Ohio Department of Rehabilitation and Correction.

2.    Plaintiff says he suffers from Legg-Calve Perthes disease/Avascular Necrosis, a degenerative joint and osteoarthritic bone disease that has eroded and shaved off Plaintiff's entire femoral head and a portion of Plaintiff's femoral neck.

3.    Plaintiff says this disease has atrophied and shortened Plaintiff's leg left in excess of three inches. Plaintiff says this disease constricts and restricts Plaintiff's lateral leg movement to less than five (5) degrees. Plaintiff says this disease confines him to a wheelchair. Plaintiff says this

disease is debilitating due to the excruciating pain as the femur bone is impacted into Plaintiff's joint socket. Plaintiff says he is substantially limited in the major life activity of standing. Plaintiff says he is also substantially limited in the major life activity of walking. Plaintiff says he suffers from an illness known as chronic gastroparesis, paralysis of the stomach. Plaintiff says he receives his daily nutrition through a catheter which enters Plaintiff's chest cavity and leads directly to Plaintiff's heart. Plaintiff says Gastroparesis prevents his stomach from digesting solid foods received orally and absorbing its nutrition. Plaintiff says Gastroparesis is an incurable illness. Plaintiff says he is substantially limited in the major life activity of eating.

4. Plaintiff says he is subject to the American with Disabilities Act and Plaintiff's disabilities fall within the meaning of the ADA. Plaintiff says he is a qualified individual with a disability. Plaintiff says Plaintiff meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by Defendant thus entitling him to all the protections of Title II of the American with Disabilities Act.

5. Plaintiff says Congress enacted the American with Disabilities Act, hereinafter referred to as ADA, 42 U.S.C.S. 12131 et.seq., to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.

6. Plaintiff says that the ADA applies to state prisons and prisoners.

7. Plaintiff says he is being excluded from and being denied access to Defendant's activities and services.

8. Plaintiff says in October 2020 Defendant placed Plaintiff into a job in the foodservice area. Plaintiff says immediately prior to placing Plaintiff into this job Defendant recognized and established Plaintiff as a 'qualified individual with a disability' which requires Plaintiff to be able to fulfill the essential job functions.

9. Plaintiff says Defendant acknowledged and recognized Plaintiff as a 'qualified individual with a disability' for purposes of placing Plaintiff into a job. Plaintiff says Defendant refuses to recognize Plaintiff as a 'qualified individual with a disability' with respect to services and privileges that bring Plaintiff enjoyment.

10. Plaintiff says Defendant's policy 64-DCM-02 (Inmates with Disabilities) section VI(C) guarantees equal access to programs and services. Plaintiff says Defendant violates this policy since Defendant does not provide equal access to programs and services to Plaintiff.

11. Plaintiff says the ADA defines the terms services or activities broadly to capture virtually everything a prison does.

12. Plaintiff says services, programs, or activities includes recreation, medical, educational and vocational prison programs.

13. Plaintiff says Defendant has conceded and acknowledged via electronic correspondence that Plaintiff's exclusion from Defendant's services and programs are due to Plaintiff's disabilities, medical illness, and that Plaintiff is a medical patient. Plaintiff says Defendant's assertions that Plaintiff shall not have access to Defendant's services because of these reasons is discrimination. Plaintiff says the Deputy Warden; Ingrid Jones, UM Chief; captains; and other staff have admitted that the able bodied population are entitled to Defendant's services while Plaintiff, a qualified individual with a disability is not entitled to participate in, enjoy, or benefit from the litany of Defendant's services stated herein that Plaintiff has been excluded from.

14. Plaintiff says as a 'qualified individual with a disability' Title II of the ADA guarantees and mandates the unequivocal access to Defendant's services, programs, and activities.

15. Plaintiff says Franklin Medical Center zone A's culture is that able bodied inmates are not only entitled to but receive all Defendant's services, activities, and programs. Plaintiff says

FMC's unit staff have threatened and retaliated against Plaintiff for stating that Franklin medical center's culture promotes discrimination against inmates with disabilities thus violating the ADA.

16. Plaintiff says Defendant offers cable television service to inmates who own a personal television. Defendant has installed ports into the wall by inmates bedside which provide access to cable television stations. Inmates connect their personal televisions via coaxial cable into the ports which provide unlimited access to cable television stations. Plaintiff says he owns a personal television which cost $225. Plaintiff says Defendant has denied him the service to connect to cable television. Plaintiff says Defendant has Plaintiff residing on a unit that has no ports in the rooms thus excluding him from the use of Plaintiff's personal television ultimately excluding him from access to cable television stations. Plaintiff says as a 'qualified individual with a disability' the exclusion of this service violates the ADA.

17. "Modern prisons provide inmates with many recreational activities, all of which at least theoretically "benefit" the prisoner (and any of which disabled prisoners could be excluded from participation in)". Penn Dep't of Corr. v. Yeskey, 524 U.S. 206

18. Plaintiff says Defendant offers outside recreation in the morning (7:30 a.m. – 10:00 a.m.); afternoon (12:00 p.m. – 3:00 p.m.); and evening (5:00 p.m. – 7:45 p.m.). Plaintiff says the able bodied population is offered and receives outside recreation mornings, afternoons, and evenings. Plaintiff says Defendant denies him access to morning, afternoon, and evening outside recreation. Plaintiff says as a 'qualified individual with a disability' the exclusion of these three separate services, morning, afternoon, and evening outside recreation violates the ADA. Plaintiff says merely offering Plaintiff one hour of daily outside recreation does not satisfy Defendant's obligations under the ADA. The ADA mandates daily outside recreation equal to that of able bodied prisoners. Outside recreation is a service and the use of it an activity.

4

19. Plaintiff says Defendant offers able bodied inmates weights enclosed machines for rehabilitation, physical, and psychological health. Plaintiff says he is excluded from this service and as a 'qualified individual with a disability' the ADA mandates the unequivocal access to this service. Weights enclosed machines is a recreational service and the use of it a recreational activity.

20. Plaintiff says Defendant offers a study hall to able bodied inmates who are in college. Plaintiff says Defendant provides this service to able bodied inmates daily until 8:30 p.m. Plaintiff says he is currently in college and has absolutely no place to study. Plaintiff says as a 'qualified individual with a disability' denying him access to the study hall violates the ADA. The study hall is a service and the use of it an activity.

21. Plaintiff says Defendant offers to able bodied inmates the recreational activity bumper pool from 6:00 a.m. – 11:30 p.m. (Sunday – Thursday) and 6:00 a.m. – 1:30 a.m. (Friday and Saturday). Plaintiff says he is excluded from and denied access to this activity and service. Plaintiff says as a 'qualified individual with a disability' the ADA mandates the unequivocal access from 6:00 a.m. – 11:30 p.m. daily. The pool table is a recreational service and the use of it an activity.

22. Plaintiff says Defendant offers able bodied inmates a movie room with a selection of dvd's to view. Plaintiff says Defendant denies him access to a movie room and the exclusion violates the ADA. The television/movie room is a service and the use of it an activity.

23. Plaintiff says Defendant offers able bodied inmates xbox 360 gaming system service. Able bodied inmates can access this video game system via a 35" television. Plaintiff says Defendant excludes him from participating in and benefitting from this service. The xbox 360 gaming system is a service and the use of it an activity.

24. Plaintiff says Defendant offers able bodied inmates the recreational activity and service of competition table ping pong. Plaintiff says Defendant excludes him from participating in

and benefitting from this service which violates the ADA. The ping pong table is a service that and the use of it an activity.

25. Plaintiff says Defendant offers able bodied inmates the recreational activity and service "medicine balls" for purposes of rehabilitation and exercise. Plaintiff says Defendant excludes him from participating in and benefitting from this service which violates the ADA. The medicine ball is a service and the use of it an activity.

26. Plaintiff says Defendant offers able bodied inmates indoor recreation from 6:00 a.m. – 11:30 p.m. (Sunday – Thursday) and 6:00 a.m. – 1:30 a.m. (Friday – Saturday). Plaintiff says Defendant provides him with no indoor recreation as the unit Plaintiff resides does not provide indoor recreation. Plaintiff says as a qualified individual with a disability the exclusion of this service violates the ADA. Indoor recreation is a service and the use of it an activity.

27. Plaintiff says Defendant offers able bodied inmates the service to enjoy and benefit from the usage of a microwave oven daily from 6:00 a.m. – 11:30 p.m. (Sunday – Thursday); and 6:00 a.m. – 1:30 a.m. (Friday – Saturday). Plaintiff says Defendant allows able bodied inmates to exit their rooms at any time throughout the day except for count times to access the microwave. Plaintiff says Defendant prohibits him from the same access. Plaintiff says the ADA mandates a State prison to afford a qualified individual with a disability the same access equal to that of able bodied prisoners. Denying Plaintiff equal access to this service violates the ADA.

28. Plaintiff says Defendant offers able bodied inmates the service to enjoy and benefit from using the jpay kiosk from 6:00 a.m. – 11:30 p.m. (Sunday – Thursday); and 6:00 a.m. – 1:30 a.m. (Friday – Saturday). Plaintiff says Defendant allows able bodied inmates to exit their rooms at any time throughout the day except for count times to access the jpay kiosk. Plaintiff says Defendant prohibits him from this access. Plaintiff says denying him the same or equal access violates the ADA. A jpay kiosk in a common area is a service and the use of it an activity.

29. Plaintiff says Defendant allows able bodied inmates to exit their rooms at all times between 6:00 a.m. – 11:30 p.m. (Monday – Thursday) except for count times and 6:00 a.m. – 1:30 a.m. (Friday – Saturday) for purposes of going outside for recreation, indoor recreation room, vending machine, library, computer room, television/movie room, study hall, microwave, jpay kiosk, hallway telephones, laundry room, education department, chaplain's office, and recreation office. Plaintiff says he is prohibited from exiting his room at all times between the above hours and that he can not access these services from his unit. Plaintiff says Defendant has provided able bodied inmates with access to exit their rooms at all times listed above. Being able to exit their rooms and move freely throughout the unit at all times during the day is a service. Plaintiff says he is denied this service which violates the ADA.

30. Plaintiff says in 2020 Dave Pennington, Health Services Administrator and top medical administrator at Franklin medical center met with Plaintiff and Kim McGlone, mental health liaison. In this meeting Plaintiff requested a reasonable accommodation, a bed move to unit 2 south. Pennington immediately approved the bed move. Plaintiff says unit 2 south provides Plaintiff access to the herein services and activities of which Plaintiff is excluded from and denied access to. Dave Pennington and Erin Maldonado, Deputy Warden advocated for Plaintiff to transition to unit 2 south. Further Dave Pennington, Erin Maldonado, and Dr. Wes Sylvia, mental health manager met with unit staff and security where Pennington and Sylvia recommended Plaintiff's bed move be executed. Defendant refused to execute the bed move. Plaintiff says a bed move to unit 2 south would have eliminated and remedied the many ADA violations as the Defendant's services listed herein are all accessible on or from unit 2 south. Plaintiff says Defendant's refusal to execute the requested reasonable accommodation demonstrates discrimination.

7

31. Plaintiff says the ADA only requires that a prison provide an accommodation that would permit an inmate meaningful access to a service, program, or activity, citing Wolfe v. ODRC 2011-Ohio-6825.

32. Plaintiff says a move to 2 south does not adversely impact security or impose undue hardship upon the institution. Plaintiff says every foodservice worker (1st and 2nd shift) resides on unit 2 south. Plaintiff says the only difference between him and the other foodservice workers of whom Plaintiff works side by side with is they are able bodied and Plaintiff is disabled.

33. Plaintiff says Defendant, a public entity, may not exclude a qualified individual with a disability from participating in and may not deny that individual the benefits of it services, programs, or activities.

34. Plaintiff says Title II requires public entities make reasonable accommodations for disabled individuals so as not to deprive them of meaningful access to the benefits of the services such entities provide.

35. Plaintiff says Dave Pennington, Health Service Administrator, Dr. Wes Sylvia, and Kim McGlone, mental health liaison collectively recommended Plaintiff be moved to unit 2 south. Plaintiff says this is the only remedy that will eliminate the deprivation of Plaintiff's participation in and benefitting from Defendant's services.

36. Plaintiff says Title II's definition of qualified individual with a disability imposes an affirmative obligation on public entities to accommodate disabled individuals.

37. Plaintiff says that a violation of Title II of the ADA occurred because: (1) he is a qualified individual with a disability; (2) the defendant is subject to the ADA; and (3) Plaintiff has been denied the opportunity to participate in or benefit from defendant's services, programs, or activities, or is otherwise discriminated against by defendant by reason of the plaintiff's disability.

Plaintiff says not only has he demonstrated discrimination based on disability Plaintiff has demonstrated that defendant denied him a reasonable accommodation.

38. Plaintiff says Defendant's behavior is so egregious that Defendant not only violated Title II of the ADA, Defendant refused to even follow its own policy 64-DCM-02 (Inmates with Disabilities).

39. Plaintiff says the exclusion of the services, activities, and programs stated herein amounts to a violation of Title II of the American with Disabilities Act. Plaintiff says the exclusion was also intentional discrimination.

**WHEREFORE,** Plaintiff, Alton Cromartie, a state prisoner, seeks damages from the state prison administration under the part of the American with Disabilities Act, 42 U.S.C. 12101, 12131 et seq., Title II that governs the provision of public services and reasonable accommodations. Plaintiff demands judgment against Defendant Ohio Department of Rehabilitation and Correction in the amount of $1,000,000.00; Jenny Hildebrand, in her official capacity in the amount of $100,000.00; Lashaunda Mason, in her official capacity in the amount of $100,000.00; Jill Glispie, in her official capacity in the amount of $100,000.00; Ingrid Jones, in her official capacity in the amount of $100,000.00; and Leah Bobb-itt, in her official capacity in the amount of $100,000.00, an amount he will provide, pursuant to Federal Civil Rule 8, upon demand.

_____
Alton Cromartie, Pro Se

File Date: 5/17/2021